IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| DONALD DESORBO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:10-0942 |
| ) | |
| DAVID A. BERKEBILE, Warden, ) | |
| ) | |
| Respondent. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Petitioner's Motion for Default Judgment (Document No. 5.), filed on September 21, 2010. Having thoroughly examined the record in this case, the undersigned respectfully recommends that the District Court deny Petitioner's Motion for Default Judgment and dismiss Petitioner's Section 2241 Petition.

**FACT AND PROCEDURE**

On July 21, 2010, Petitioner, acting *pro se*, filed an Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody.[1] (Document No. 1.) Petitioner complains that his due process rights were violated during disciplinary proceedings causing a loss of good time credit and his transfer back to FCI Beckley. (Id., p. 1.) Petitioner explains that he was released from FCI Beckley on March 16, 2010, and placed in a halfway house in New York. (Id.) Petitioner states he "was given an incident report for alleged 'insolence,' and told by Director Susan Fennessey that he would be given 5 extra hours of duty, and lose 10% of the current year's good time credit." (Id.) Petitioner alleges that "[a] staff member heard the brief verbal exchange and

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

agreed to be a witness on Mr. Desorbo's behalf as to the true nature of what was said, but the investigator would not allow her to comment, and refused to write down Mr. Desorbo's testimony in their brief conversation about it in his fact finding." (Id.) Petitioner complains that a hearing was never held and on May 21, 2010, he "was picked up by U.S. Marshals and put on 'diesel therapy' instead, without notice of any kind." (Id., pp. 1 - 2.) Thus, Petitioner argues that his due process rights were violated. (Id., p. 2.) Petitioner claims he was "robbed of one-year liberty interest earned in the 500 hour Residential Drug Abuse Program,[2] 13 days of good-time credit, and returned to prison to be a burden on the taxpayers unnecessarily, outside of law and Constitution, to keep the perpetual prisoner machine filled to overflowing." (Id.) Petitioner requests "to be released to his home." (Id.)

On September 21, 2010, Petitioner filed a Motion for Default Judgment stating that "Respondent has failed to show cause as to why the writ should not be granted, or show true cause of the detention." (Document No. 5.)

## ANALYSIS

**1.  Petitioner's Motion for Default Judgment:**

Petitioner requests that the District Court enter default judgment pursuant to Rule 55(a) of the

---

[2] Petitioner does not possess a constitutionally protected expectation interest in receiving a sentence reduction. Such a subjective expectation does not arise to the level of a constitutional claim. *See Mallette v. Arlington County Employees' Supplemental Ret. Sys. II*, 91 F.3d 630, 635 (4th Cir. 1996)("[A] mere expectation of a benefit – even if that expectation is supported by consistent government practice – is not sufficient to create an interest protected by procedural due process. Instead, the statute at issue must create an entitlement to the benefit before procedural due process rights are triggered."). Neither Section 3621(e), the BOP's Program Statement (P.S. 5162.04), nor the Code of Federal Regulations (28 C.F.R. § 550.58), contain explicit mandatory language or standards limiting the BOP's discretion, which may have given rise to a protected liberty interest in early release. *See Kentucky Dept. of Corr. v. Thompson*, 490 U.S. 454, 109 S.Ct. 1904, 1909-10, 104 L.Ed.2d 506 (1989)(Regulations must contain "explicitly mandatory language" to create a liberty interest.). Accordingly, Petitioner does not possess a statutorily protected expectation interest in early release.

Federal Rules of Civil Procedure because "Respondent has failed to show cause as to why the writ should not be granted, or show true cause of the detention."(Document No. 5.) Rule 55(a) of the Federal Rules of Civil Procedure permits the entry of default judgment "[w]hen a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules . . .." After reviewing all of the pleading and filings in this case, the undersigned finds that Respondent did not default by failing to respond to Petitioner's Petition. The record reflects that at the time Petitioner filed his Motion for Default Judgment, Respondent had not been served with process and was not required to respond to Petitioner's Petition.

**2.     Petitioner's Section 2241 Petition:**

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief.[3] Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

---

[3] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on May 27, 2011.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody and the absence of collateral consequences, and therefore, his Section 2241 Application must be dismissed. See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

**PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's Motion for Default Judgment (Document No. 5.), **DISMISS** Petitioner's Application under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court,

written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: August 17, 2011.

R. Clarke VanDervort
United States Magistrate Judge